IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA O. NAPIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1286-N |
| | § | |
| HUMANA MARKETPOINT, INC., and | § | |
| HUMANA, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff Martha Napier's ("Napier") motion to remand [7]. Because Napier's Original Petition affirmatively revealed on its face that the amount in controversy exceeded $75,000, the Court finds untimely Defendants Humana Marketpoint, Inc. and Humana, Inc.'s (collectively "Humana") removal on June 14, 2011 – seventy six days after Humana received Napier's Original Petition. Accordingly, the Court grants Napier's motion and remands the case.

### I. ORIGINS OF PLAINTIFF'S MOTION TO REMAND

On March 28, 2011, Napier filed her Original Petition against Humana in Texas state court. In her Original Petition, she alleged age discrimination in violation of Chapter 21 of the Texas Labor Code and requested "back pay and employment benefits, interest on back pay, front pay and future employment benefits, and other appropriate equitable relief" in addition to "compensatory damages, past and future," "prejudgment interest on all equitable monetary remedies and compensatory damages," punitive damages, and attorney fees. Pl.'s

ORDER – PAGE 1

Orig. Pet. ¶¶ 33-37 [1-1]. However, Napier did not enumerate a specific monetary amount for the foregoing damages in accordance with Texas Rule of Civil Procedure 47(b) which forbids pleading a specific amount of unliquidated damages. Pl.'s Mot. Remand 1 [7].

On April 22, 2011, Humana filed an answer invoking a special exception in Texas procedural law to determine the amount in controversy. *Id.* at 2. In response, Napier filed her First Amended Petition on June 2, 2011 wherein she added an *ad damnum* clause specifying maximum damages of $1,367,000.00. *Id.* Based on that figure, Humana removed the case to federal court on June 14, 2011 on the basis of diversity jurisdiction. Defs.' Notice Removal 1 [1].

Napier now moves to remand. Napier contends that it was facially apparent from her Original Petition that the amount in controversy exceeded $75,000, and, as such, Humana's time to remove under 28 U.S.C. § 1446(c) began on the date it received her Original Petition – March 30, 2011. Pl.'s Mot. Remand 3-6. Therefore, Humana's removal on June 14, 2011 was untimely.[1] *Id.* Humana counters that the case did not become removable until the date on which Napier filed her Amended Petition specifying damages: June 2, 2011. Defs.' Resp.2-3 [9].

## II. REMOVAL STANDARDS IN THE FIFTH CIRCUIT

### *A. Removal Generally*

---

[1]Napier does not dispute that this Court would have diversity jurisdiction over the case if Humana's removal were timely. *See* Pl.'s Mot. Remand 6.

A defendant may remove a state court suit only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *E.g., Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

### *B. Timeliness of Removal*

Defendants have thirty days to remove under the removal statute, 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

In essence, the statute provides a "two-step test" to determine whether a defendant timely removed a case. *Chapman v. Powermatic, Inc.* 969 F.3d 160, 161 (5th Cir. 1992). Under the first sentence, if the case as stated by the initial pleading is removable, a defendant

ORDER – PAGE 3

must remove within thirty days of its receipt of that pleading. *Id.* The initial pleading triggers a defendant's time limit "when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 210 (5th Cir. 2002) (quoting *Chapman*, 969 F.3d at 163). The second sentence applies only to cases not initially removable; it gives a defendant thirty days to remove from its receipt of an amended pleading, motion, order, or other paper "from which the defendant can ascertain that the case is removable." *Chapman*, 969 F.3d at 161.

When the initial pleading does not set forth a numerical damage figure, parties usually contest the amount in controversy under one of two procedural postures. *See Salomon v. Wells Fargo Bank, N.A.*, No. EP–10-CV-106-KC, 2010 U.S. Dist. LEXIS 61755, at *7-9 (W.D. Tex. 2009) (describing the two procedural postures and collecting cases). In the first, a defendant has removed the case within thirty days of its receipt of the initial pleading and the plaintiff seeks remand, alleging that the pleading does not meet the statutory amount in controversy requirement. *See, e.g., Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *White v. FCI USA, Inc.*, 319 F.3d 672 (5th Cir. 2003). The defendant must then prove by a preponderance of the evidence that the amount in controversy is greater than $75,000, either by (1) "demonstrating that it is facially apparent that the claims are likely above $75,000," or (2) "by setting forth the facts in controversy"

ORDER – PAGE 4

either on the removal petition or through summary-judgement type evidence. *Allen*, 63 F.3d at 1335-36; *see also Luckett*, 171 F.3d at 298.

In the second, a defendant has not removed within thirty days of the initial pleading but instead removes later based on an amended pleading, motion, or other paper. *See, e.g., Chapman*, 969 F.2d at 161; *Borquez v. Brinks, Inc.*, No. 3:10-CV-380-O, 2010 U.S. Dist. LEXIS 23129 (N.D. Tex. 2010) (O'Connor, J.); *Mireles v. Bottling Group, L.L.C.*, No. EP-07-CA-255-FM, 2008 U.S. Dist. LEXIS 26312 (W.D. Tex. 2008). A plaintiff then objects to removal by arguing that the defendant's removal was untimely because it was clear on the face of the initial pleading that the amount in controversy exceeded $75,000. *See id.*; *Salomon*, 2010 U.S. Dist. LEXIS 61755, at *8-9. A plaintiff, however, may not use summary-judgment type evidence to prove that the defendant knew or should have known from the initial petition that the amount in controversy exceeded $75,000. *See Chapman*, 969 F.2d at 161; *Salomon*, 2010 U.S. Dist. LEXIS 61755, at *8-9.

Because both postures allow the parties to argue that the initial pleading revealed on its face whether a case satisfies the amount in controversy requirement, there is "no basis to hold that the 'facially apparent standard' is defined differently in cases where the defendant claims that the pleadings set forth a large enough measure of damages, when compared with cases where the plaintiff claims the exact same thing." *Salomon*, 2010 U.S. Dist. LEXIS 61755, at *9. Accordingly, the Court follows Judge Cardone in *Saloman* and cites to both types of cases. *See id.*

### III. REMAND IS APPROPRIATE GIVEN HUMANA'S UNTIMELY REMOVAL

This case follows the second procedural posture discussed above. Napier moves to remand on the ground that Humana's removal was untimely because it was facially apparent from her original petition that her claims exceeded $75,000. Pl.'s Mot. Remand 1. Humana counters by pointing to *Chapman v. Powermatic, Inc.*, 939 F.2d 160.

In *Chapman*, the Fifth Circuit held that a plaintiff's original complaint triggers 28 U.S.C. § 1446(b)'s thirty-day clock "only when [the] pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id.* at 163. Though *Chapman* purported to establish a "bright-line" rule for removal on the basis of an initial pleading that does not specify numerical damages, district courts in this Circuit have split in their application of *Chapman*. *See, e.g., Capturion Network, LLC v. Daktronics, Inc.*, No. 2:08cv232-KS-MTP, 2009 U.S. Dist. LEXIS 49171, at *8-10 (S.D. Miss. 2009) (explaining the split in district court opinions); *cf.* Charles A. Carlson, *Removal to Federal Court on the Basis of Diversity Jurisdiction: The "Amount in Controversy" Controversy*, 69 FLA. B.J. 77, 78 (Oct. 1995) ("Courts and lawyers have struggled with the question of whether the removability of a case can be 'ascertained,' and, if so, when. Describing the case law in this area as 'unsettled' is an understatement."). Some district courts have interpreted *Chapman* as holding that an initial pleading triggers section 1446(b)'s removal period only when that pleading explicitly states – either numerically or in so many words – that the amount in controversy satisfies the federal jurisdictional requirement. *See, e.g.*, *Grooms v. Saint*, No. 1:10CV175-A-D, 2010 U.S. Dist. LEXIS 128099, at *4-12 (N.D. Miss. 2010); *Capturion*, 2009 U.S. Dist. LEXIS 49171, at *10-20;

*Staton v. Wells Fargo Bank, N.A.*, 192 F. Supp. 2d 681, 683-84 (N.D. Tex. 2002) (Lynn, J.); *Freeman v. Witco Corp.*, 984 F.Supp. 443, 446-47 (E.D. La. 1997).

However, the majority of district courts in this Circuit construe *Chapman* as holding that the defendant's receipt of an initial pleading triggers the removal period even when the pleading does not specifically recount numerical damages. *See, e.g.*, *Borquez*, 2010 U.S. Dist. LEXIS 23129, at *12-15; *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 963 (S.D. Tex. 1999); *see also Capturion*, 2009 U.S. Dist. LEXIS 49171, at *9-10 (noting that the larger contingent of district courts follow the latter approach and collecting cases); *Salomon*, 2010 U.S. Dist. LEXIS 61755, at *10-11 (explaining that a majority of district courts in the Fifth Circuit follow the latter approach). These courts reason that "*Chapman*'s bright line rule should not be treated as a 'head in the sand' rule." *Capturion*, 2009 U.S. Dist. LEXIS 49171, at *10. Thus, if the nature of a plaintiff's claims as described in the initial pleading would "place a reasonable defendant on notice" that the amount in controversy exceeds the jurisdictional minimum, the initial pleading provides for removal and starts section 1446(b)'s removal period.[2] *Id.* The Court agrees with the majority. Accordingly, it looks to whether the face of Napier's Original Petition would have put a reasonable defendant on notice that the amount in controversy exceeded $75,000.

---

[2]Put another way, "the *Chapman* 'bright line rule' is simply an attempt to avoid an inquiry into 'what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence.'" *Salomon*, 2010 U.S. Dist. LEXIS 61755, at *11. The "prevailing view" then, "merely requires that a state court complaint be sufficiently definite on its face to enable defendants to ascertain removability without reliance on speculation or conjecture." *Id.* at *11-12 (citations omitted).

ORDER – PAGE 7

Napier's list of damages[3] convinces the Court that her Original Petition affirmatively revealed on its face that the amount in controversy exceeded the jurisdictional minimum.[4] First, as Napier points out, Humana knew her earnings and benefits information both when it terminated her employment and when it received her Original Petition. Pl.'s Reply 2-3 [10]. Thus, Humana would have been able to ascertain, from the face of Napier's Original Petition, that her front pay, back pay, and benefits almost certainly exceeded the jurisdictional threshold. *Id.* Regardless, Texas Labor Code § 21.2585(d) caps the maximum amount of punitive and compensatory damages for which an employer may be liable for Chapter 21 violations, *see* TEX. LAB. CODE § 21.2585(d), and one of the Defendants in this case, Humana, Inc., is subject to a cap above $300,000. *See* Pl.'s Mot. Remand 5; TEX. LAB. CODE § 21.2585(d)(4).[5] A case that "presents a claim for multiple forms of relief, including punitive damages, suggests that the plaintiff is . . . seeking any possible grounds to maximize

---

[3]In her Original Petition, Napier requested "back pay and employment benefits, interest on back pay, front pay and future employment benefits, and other appropriate equitable relief" in addition to "compensatory damages, paste and future," "prejudgment interest on all equitable monetary remedies and compensatory damages," punitive damages, and attorney fees. Pl.'s Original Pet. ¶¶ 33-37.

[4]The Court notes that even if there were doubt, it should resolve doubt in favor of remand. *Gutierrez*, 543 F.3d at 251.

[5]Though a court cannot consider summary-judgment type evidence from the plaintiff, courts have noted that defendants may be able to use the cap as a guide to determine removability and to help establish that a case is removable. *Salomon*, 2010 U.S. Dist. LEXIS 61755, at * 17-18; *see also Finley v. Network Commc'ns, Inc.*, No. 3:10-CV-1575-B, 2010 U.S. Dist. LEXIS 118809, at *6-9 (N.D. Tex. 2010) (Boyle, J.); *Mireles*, 2008 U.S. Dist. LEXIS 26312, at *7-9.

her recovery up to the cap" which is well above the threshold here. *Salomon*, 2010 U.S. Dist. LEXIS 61755, at *19 (quotations omitted).[6]

Decisions in previous employment discrimination cases support the Court's finding. On similar facts, these cases also found that a plaintiff's original complaint affirmatively revealed an amount in controversy above the jurisdictional requirement. *See, e.g.*, *Mosley v. Wal-Mart Stores Tex. LLC*, No. 3:10-CV-2305-L, 2011 U.S. Dist. LEXIS 43630, at * 7-9 (N.D. Tex. 2011) (Lindsay, J.) (finding the jurisdictional amount satisfied where plaintiff claimed sex discrimination among other injuries but did not specify damages in her original complaint and noting that "[i]n today's world, it does not take much to exceed $75,000"); *Finley*, 2010 U.S. Dist. LEXIS 118809, at *6-9 (finding that the plaintiff's original complaint revealed damages over $75,000 where plaintiff alleged sex discrimination and sought back pay, front pay, future pecuniary losses, emotional pain and suffering, loss of enjoyment of life, other nonpecuniary damages, punitive damages, court costs, and attorney fees, and collecting cases); *Mireles*, 2008 U.S. Dist. LEXIS 26312, at *7-9 (finding the jurisdictional amount facially apparent from the plaintiff's original complaint where the plaintiff claimed a violation of Chapter 21 of the Texas Labor Code and requested "back pay and benefits,

---

[6]Furthermore, courts have found that exemplary damages, damages Napier included in her Original Petition, count towards the jurisdictional requirement. *Cf. Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993) ("While in the present case . . . the complaint did not . . . specify an amount of damages, it is facially apparent here that . . . any one of several of the injuries alleged – not to mention the exemplary damages – alone could have topped [the jurisdictional] amount."). Courts also include attorney fees when determining whether a plaintiff's damages satisfy the jurisdictional threshold. *See White*, 319 F.3d at 676 (affirming the district court's conclusion regarding the amount in controversy where the district court included attorney fees in its calculation).

front pay and benefits, compensatory damages in the past and future, reasonable and necessary attorney's fees, and exemplary damages within the state court's jurisdictional limits" under Texas Labor Code § 21.2585(d)).[7]

## CONCLUSION

Because the Court finds that Napier's Original Petition put Humana on notice that the amount in controversy exceeded $75,000, Humana's removal on June 14, 2011 was untimely. Accordingly, the Court orders that this action is remanded to the 162nd Judicial District Court of the State of Texas. Given the unsettled state of the law in the Fifth Circuit, as discussed above, the Court declines to award attorneys' fees.

Signed December 1, 2011.

_____
David C. Godbey
United States District Judge

---

[7]The Court is aware that at least one employment discrimination case from the Northern District of Texas holds otherwise. *See Staton v. Wells Fargo Bank, N.A.*, 192 F.Supp.2d 681 (N.D. Tex. 2002) (Lynn, J.). However, because the Fifth Circuit has yet to clearly resolve the *Chapman* split, *see Capturion*, 2009 U.S. Dist. LEXIS 49171, at *8-10 (explaining how *Bosky*, 288 F.3d 208, further complicated *Chapman*'s holding rather than clarifying it), the Court chooses to follow the interpretations of the majority of district courts in this Circuit.